EXHIBIT 31

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA    :
BY ATTORNEY GENERAL    :
THOMAS W. CORBETT, JR.,    :

    Petitioner,    :

    v.    :  **CIVIL ACTION - EQUITY**
              :

VERSATILE MARKETING SOLUTIONS,    :
INC. t/d/b/a VMS ALARMS,    :

    Respondent    :

_608  MD 2010_

## ASSURANCE OF VOLUNTARY COMPLIANCE

**AND NOW,** comes the Commonwealth of Pennsylvania, acting by Attorney General

Thomas W. Corbett, Jr., through the Bureau of Consumer Protection (hereinafter

"Commonwealth"), which has caused an investigation to be made into the business practices of

Versatile Marketing Solutions, Inc. t/d/b/a VMS Alarms pursuant to the provisions of the *Unfair*

*Trade Practices and Consumer Protection Law*, 73 P.S. §§ 201-1 -- 201-9.3 (hereinafter

"Consumer Protection Law"), and states the following:

**WHEREAS,** Petitioner is the Commonwealth of Pennsylvania, acting by Attorney

General Thomas W. Corbett, Jr., through his Bureau of Consumer Protection, with offices

located at Strawberry Square, 15th Floor, Harrisburg, Pennsylvania 17120;

**WHEREAS,** Respondent Versatile Marketing Solutions, Inc., t/d/b/a VMS Alarms

(hereinafter "Respondent"), is a Massachusetts business corporation with a registered business

address of 1251 Church Street, #7, New Bedford, Massachusetts 02745. Respondent also

maintains a business address at 60 Jefferson Park Road, Warwick, Rhode Island 02888.

Respondent operates from a principal business address of 316 Pocasset Avenue, Suite 205,

Providence, Rhode Island 02909;

MEY533173

**WHEREAS,** Respondent, at all times relevant hereto, engaged in trade and commerce within the Commonwealth of Pennsylvania through the solicitation and sale of home security alarm systems;

**WHEREAS,** Respondent is registered with the Pennsylvania Department of State Corporation Bureau as a foreign business corporation with a registered address of 21 E. North Street, Bethlehem, Pennsylvania 18018;

**WHEREAS,** VMS Alarms is not registered as a fictitious name with the Pennsylvania Department of State Corporation Bureau;

**WHEREAS,** based upon its investigation, the Commonwealth believes that Respondent has engaged in conduct which violated the Consumer Protection Law and the *Telemarketer Registration Act*, 73 P.S. § 2241, *et seq.* (hereinafter "Telemarketer Act"), as more fully set forth below:

1.      Beginning in June 2008, the Commonwealth began receiving consumer complaints regarding the telemarketing practices of Respondent.

2.      According to the complaints, Respondent, using the name VMS Alarms, made telephone solicitation calls to Pennsylvania consumers who had registered their telephone numbers on the Pennsylvania Do Not Call list.

3.      On December 19, 2008, the Commonwealth issued a warning letter to Respondent regarding Respondent's alleged violations of the Telemarketer Act.   A copy of the Commonwealth's warning letter is attached and incorporated hereto as Exhibit "A".

4.      On February 9, 2009, Respondent registered as a telemarketer with the Office of Attorney General pursuant to the Telemarketer Act.

2

MEY533174

5.     Since the issuance of the warning letter, the Commonwealth has continued to receive consumer complaints regarding the telemarketing practices of Respondent, including calls made to phone numbers registered on the Pennsylvania Do Not Call list and continued calls to consumers who have indicated that they no longer wish to receive calls from Respondent.

6.     The aforesaid methods, acts or practices constitute violations of the Telemarketer Act, including the following:

a.     Between June 2008 and February 2009, Respondent engaged in telemarketing in the Commonwealth of Pennsylvania by initiating telephone calls to consumers in connection with the purchase of consumer or goods or services, without having registered with the Office of Attorney General, in violation of Section 2243(a) and (b) of the Telemarketer Act, 73 P.S. § 2243(a) and (b).

b.     Respondent initiated or caused to be initiated telephone solicitation calls to the telephone numbers of consumers whose names, addresses and telephone number had been enrolled on the quarterly Pennsylvania Do Not Call list that was in effect on the date that Respondent made or caused to be made said telephone solicitation calls, in violation of the Section 2245.2(a) of the Telemarketer Act, 73 P.S. § 2245.2(a).

c.     Respondent initiated or caused to be initiated outbound telephone calls to persons who previously had stated that he or she did not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services were being offered, in violation of Section 2245(a)(2) of the Telemarketer Act, 73 P.S. § 2245(a)(2).

**WHEREAS,** violations of the Telemarketer Act are violations of the Consumer Protection Law, 73 P.S. § 2246;

3

MEY533175

**WHEREAS,** the aforesaid methods, acts or practices constitute unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Consumer Protection Law, including without limitation, the following:

1)  Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another in violation of 73 P.S. § 201-2(4)(iii); and

2)  Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding in violation of 73 P.S. § 201-2(4)(xxi).

**WHEREAS,** Respondent violated the *Fictitious Names Act,* 54 Pa.C.S.A. § 301, *et seq.,* by using the fictitious name VMS Alarms without first registering that name with the Pennsylvania Department of State Corporation Bureau;

**WHEREAS,** Respondent is desirous of complying with these civil laws of the Commonwealth and has agreed to cease and desist from the aforementioned conduct;

**WHEREAS,** this Assurance of Voluntary Compliance ("Assurance") is accepted by the Commonwealth pursuant to Section 201-5 of the Consumer Protection Law, 73 P.S. § 201-5, in lieu of commencing statutory proceedings under Section 201-4, 73 P.S. § 201-4; and

**WHEREAS,** the Respondent acknowledges that nothing in this Assurance of Voluntary Compliance shall be construed as an approval by the Commonwealth of any past, present or future conduct or business practices of the Respondent.

## SETTLEMENT TERMS

**NOW THEREFORE,** effective from the date of the signing of this Assurance of Voluntary Compliance, Respondent agrees for itself, its successors, assigns, officers, directors, agents, employees, and any and all other persons acting on its behalf through this or any other corporate or business device as follows:

4

MEY533176

I.      The Recitals are incorporated herein and made part hereof.

II.     **Injunctive and Affirmative Relief**

A.      Respondent shall fully comply with any and all provisions of the Consumer Protection Law, including any amendment thereof, and is permanently enjoined from any violation thereof.

B.      Respondent shall fully comply with any and all provisions of the Telemarketer Act, including any amendment thereof, and is permanently enjoined from any violation thereof.

C.      Respondent shall not make telephone solicitation calls to telephone subscribers enrolled on Pennsylvania's Do Not Call list, in accordance with 73 P.S. § 2245.2(a).

D.      Respondent shall quarterly obtain listings of residential or wireless telephone subscribers in the Commonwealth of Pennsylvania who have arranged to have their names, addresses and telephone numbers enrolled on the list administrator's do-not-call list or shall utilize a service provider who has quarterly obtained and will use such listings, in accordance with 73 P.S. § 2245.2(b).

E.      Respondent shall not initiate outbound telephone calls to any person when that person previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered, in accordance with 73 P.S. § 2245(a)(2).

F.      Respondent shall register any fictitious name used in the conduct of its business in Pennsylvania with the Pennsylvania Department of State Corporation Bureau, in accordance with 54 Pa.C.S.A. § 303(b).

III.    **Monetary Relief**

5

MEY533177

A.    Upon execution of this Assurance of Voluntary Compliance, Respondent shall be liable for and shall pay to the Commonwealth of Pennsylvania, Office of Attorney General, the sum of Twenty-Eight Thousand and 00/100 Dollars ($28,000.00), which shall be allocated as follows:

      1.    The amount of Twenty Thousand and 00/100 Dollars ($20,000.00) as a civil penalty, of which ten percent (10%) shall be remitted by the Office of Attorney General to consumers who filed telemarketing complaints against the Respondent in accordance with 73 P.S. § 2245.2(k)(2); and, the balance of which shall be distributed to the Commonwealth of Pennsylvania, Treasury Department.

      2.    The amount of Eight Thousand and 00/100 Dollars ($8,000.00) in costs to be distributed to the Commonwealth of Pennsylvania, Office of Attorney General, to be deposited into an interest-bearing account from which both principal and interest shall be used for future public protection and educational purposes.

B.    Payment Terms

      1.    Respondent shall pay Two Thousand Five Hundred and 00/100 Dollars ($2,500.00) upon its execution of this Assurance of Voluntary Compliance.

      2.    Thereafter, Respondent shall pay the balance of Twenty-Five Thousand Five Hundred and 00/100 Dollars

6

MEY533178

($25,500.00) in seventeen (17) monthly installments of One Thousand Five Hundred and 00/100 Dollars ($1,500.00). Such monthly payments shall be due and payable on the first day of each month starting with August 1, 2010.

3. Respondent further agrees that in the event of default on the part of Respondent, the entire outstanding amount as noted above shall immediately become due and payable to the Commonwealth. A default on the part of Respondent shall include, but not be limited to, Respondent defaulting on, not complying with, or in any way breaching any of the terms, representations, conditions, agreements or requirements of this Assurance of Voluntary Compliance. Any failure by Respondent to make a scheduled payment within ten (10) days of its due date shall be considered a violation of this Assurance of Voluntary Compliance.

4. All payments due under this Assurance of Voluntary Compliance shall be in the form of certified checks, cashiers checks, or money orders, made payable to the Commonwealth of Pennsylvania, Office of Attorney General, and delivered to the Bureau of Consumer Protection, 15th Floor Strawberry Square, Harrisburg, Pennsylvania 17120.

## IV.  <u>Miscellaneous Terms</u>

7

MEY533179

A.     The Court shall maintain jurisdiction over the subject matter of this Assurance of Voluntary Compliance and over Respondent for the purpose of enforcing this Assurance.

B.     Time shall be of the essence with regards to Respondent's obligations hereunder.

C.     Nothing in this Assurance of Voluntary Compliance shall be construed to waive or limit any right of action by any individual, person or entity, or by any local, state, federal or other governmental entity.

D.     Respondent certifies that Jasjit Gotra, President of Versatile Marketing Solutions, Inc., is authorized to enter into this Assurance of Voluntary Compliance on behalf of the ·Respondent and that his signature on this document binds the Respondent to all terms contained herein.

E.     ·  Respondent further agrees to execute and deliver all authorizations, documents and instruments which are necessary to carry out the terms and conditions of this Assurance of Voluntary Compliance.

F.     Any failure of the Commonwealth to exercise any of its rights under this Assurance of Voluntary Compliance shall not constitute a waiver of its rights hereunder.

G.     This Assurance of Voluntary Compliance shall bind Respondent hereto and its successors, assigns, officers, directors, agents, employees and all other persons acting on its behalf through this or any other corporate or business device.

H.     This Assurance of Voluntary Compliance may be executed in any number of counterparts and by different signatories on separate counterpart, each of which shall constitute an original counterpart hereof and all of which together shall constitute one and the same document. One or more counterparts of this agreement may be delivered by facsimile or

8

MEY533180

electronic transmission with the intent that it or they shall constitute an original counterpart hereof.

I. This Assurance of Voluntary Compliance sets forth all of the promises, covenants, agreements, conditions and understandings between the parties, and supersedes all prior and contemporaneous agreements, understandings, inducements or conditions, express or implied. There are no representations, arrangements, or understandings, oral or written, between the Parties relating to the subject matter of this Assurance that are not fully expressed herein or attached hereto. Each party specifically warrants that this Assurance is executed without reliance upon any statement or representation by any other party hereto, except as expressly stated herein.

J. Respondent understands and agrees that if it has made any false statement in or related to this Assurance of Voluntary Compliance, that such statement is made pursuant to and under penalty of 18 P.S. § 4904 relating to unsworn falsifications to authorities.

K. Respondent agrees by the signing of this Assurance of Voluntary Compliance that it shall abide by each of the aforementioned provisions and that the breach of any one of these terms of this Assurance of Voluntary Compliance shall be sufficient warrant for the Commonwealth of Pennsylvania to petition the Commonwealth Court, or any court of competent jurisdiction, to assess the penalties provided for under Sections 201-8, 201-9, and 201-9.1 of the Consumer Protection Law, 73 P.S. §§ 201-8, 201-9 and 201-9.1, and to order any other equitable relief which the Court deems necessary or proper.

L. This Assurance of Voluntary Compliance shall have the same force and effect as a Permanent Injunction issued pursuant to Section 201-4 of the Consumer Protection Law, 73 P.S. § 201-4.

[Signatures on following page]

9

MEY533181

**WHEREFORE,** intending to be legally bound, the parties have hereto set their hands and seals.

**FOR THE PETITIONER:**

COMMONWEALTH OF PENNSYLVANIA
THOMAS W. CORBETT, JR.
ATTORNEY GENERAL

Date: 7/22/10      By:

Michael C. Gerdes
Deputy Attorney General
Attorney No. 88390
Bureau of Consumer Protection
15th Floor Strawberry Square
Harrisburg, Pennsylvania 17120
Telephone:     717-787-9707
Facsimile:     717-705-3795


**FOR THE RESPONDENT:**
VERSATILE MARKETING SOLUTIONS, INC.
t/d/b/a VMS ALARMS

Date: 6/29/10      By:

Jasjit Gotra, President
Versatile Marketing Solutions, Inc.
60 Jefferson Park Road
Warwick, Rhode Island 02888

10

MEY533182

## RESOLUTION OF THE BOARD OF DIRECTORS

### OF

### VERSATILE MARKETING SOLUTIONS, INC.

The Board of Directors and Officers of VERSATILE MARKETING SOLUTIONS, INC. met on the 29 day of _June_ , 2010, and approved the following resolution:

**RESOLVED,** that Jasjit Gotra, President of Versatile Marketing Solutions, Inc. ("VMS"), is hereby authorized and empowered on behalf of VMS to enter into an Assurance of Voluntary Compliance with the Commonwealth of Pennsylvania, Office of Attorney General, in settlement of <u>Commonwealth v. Versatile Marketing Solutions, Inc. t/d/b/a VMS Alarms</u>, upon the terms and conditions contained in the Assurance of Voluntary Compliance attached hereto and made a part hereof.

Filed with and attested to by the Secretary of this Corporation, this 29 day of _June_ , 2010.

_____
Secretary

[CORPORATE SEAL]

MEY533183

# EXHIBIT "A"

MEY533184



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

December 19, 2008

TOM CORBETT
ATTORNEY GENERAL

Bureau of Consumer Protection
15th Floor Strawberry Square
Harrisburg, Pennsylvania 17120
Telephone: 717.787.9707
Facsimile: 717.787.1190

**REGULAR AND CERTIFIED MAIL #70010360000276998244**

Versatile Marketing Solutions, Inc.
Attn: Owner, Officer or Authorized Representative
316 Pocasset Avenue
Suite 205
Providence, RI 02909

Re:   James Phillips Complaint / Our File No. Z-004409-2008
Linda Mangan Complaint / Our File No. Z-004545-2008
William Kaelin Complaint / Our File No. Z-004579-2008
Jack LaMarca Complaint / Our File No. Z-004751-2008
Rochelle Roseman Complaint / Our File No. Z-004794-2008
Jim Mancuso Complaint / Our File No. Z-005143-2008
Frances Damminger Complaint / Our File No. Z-005553-2008
Patricia Overbey Complaint / Our File No. Z-005915-2008
John Lewitzky Complaint / Our File No. Z-006020-2008
Kenneth Kastle Complaint / Our File No. Z-006152-2008

Dear Sir or Madam:

After reviewing the above consumer complaints and your responses thereto, we are of the opinion that Versatile Marketing Solutions, Inc. ("VMS") has engaged in conduct that violates the Pennsylvania Telemarketer Registration Act. 73 P.S. § 2241, *et seq.*

Specifically, it is alleged that VMS has violated Section 2245.2 of this law which allows consumers to place their telephone number on a statewide "Do Not Call" registry and prohibits the placement of telephone solicitation calls to residential telephone numbers appearing on the Do Not Call list.

Additionally, under Section 2243 of the Telemarketer Registration Act, telemarketers initiating telephone calls to consumers in the Commonwealth of Pennsylvania are required to register with the Pennsylvania Office of Attorney General at

MEY533185

Re: Versatile Marketing Solutions, Inc. – *WARNING LETTER*
December 19, 2008
Page 2

least 30 days prior to offering for sale consumer goods or services through any medium. Please note that this registration requirement is independent of the statute's prohibition on placing telephone solicitation calls to consumers enrolled on the Do-Not-Call list. Businesses which may be exempt from registration must still comply with the Do-Not-Call provisions of the law.

The failure to comply with the Telemarketer Registration Act constitutes a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law which authorizes penalties of up to $1,000 per violation and $3,000 violation for each violation involving a senior. We strongly recommend that you take diligent steps to ensure that your business complies with the Telemarketer Registration Act. A copy is enclosed for your review and reference. The Pennsylvania Do Not Call list is available from the Direct Marketing Association, which can be reached at (212) 768-7277 or online at preference.the-dma.org. Additional information on the Do Not Call program is available on our website, www.nocallsplease.com.

Although we expect that Versatile Marketing Solutions, Inc. will monitor its business practices in order to comply with Pennsylvania law, be advised that the issuance of this warning letter does not preclude our office from using any consumer complaints already filed with us regarding your client's telemarketing practices should your client subsequently violate this statute. Any future violations will be considered to be willful and may constitute grounds for legal action.

Thank you in advance for your attention to this matter.

Very truly yours,

Michael C. Gerdes
Deputy Attorney General

Enclosure

MEY533186

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA :
BY ATTORNEY GENERAL :
THOMAS W. CORBETT, JR., :
                         :
        Petitioner, :
                         :
        v. :    CIVIL ACTION - EQUITY
                         :
VERSATILE MARKETING SOLUTIONS, :
INC. t/d/b/a VMS ALARMS, :
                         :
        Respondent :

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July , 2010 a true and correct

copy of the foregoing Assurance of Voluntary Compliance was served by means of United States

mail, overnight mail, postage prepaid, upon the following:

Jasjit Gotra
Versatile Marketing Solutions, Inc.
60 Jefferson Park Road
Warwick, Rhode Island 02888

*Michael C. Gerdes*

Michael C. Gerdes
Deputy Attorney General
Attorney ID No. 88390
Bureau of Consumer Protection
Strawberry Square – 15th Floor
Harrisburg, Pennsylvania 17120
Telephone: 717-787-9707
Fax: 717-705-3795

MEY533187